| STATE OF INDIANA | ) | THE ST. JOSEPH CIRCUIT/SUPERIOR COURT |
|---|---|---|
| COUNTY OF ST. JOSEPH | ) SS: ) | CAUSE NO.: 71D06-2210-PL-000220 |

KELLY K. JAQUISH,

    Plaintiff,

v.

CENTER FOR THE DISADVANTAGED and
ROSALIE K. NORTHERN,

    Defendant.

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Kelly K. Jaquish, by counsel, and for her Complaint against Defendants, Center for the Disadvantaged and Rosalie K. Northern, states and alleges the following:

### I. NATURE OF THE ACTION

1. Plaintiff brings this cause of action seeking declaratory, compensatory and other relief to redress violations of her rights under the Fair Labor Standards Act of 1938, 29 §201 et. seq. ("FLSA") and Indiana's Fair Wage and Hour Law, I.C. 22-2 et. seq.

2. Plaintiff asserts Defendants failed to pay Plaintiff at least minimum wage for hours worked in violation of the minimum wage provisions of the FLSA, 29 U.S.C. §§ 206(a)(1).

3. Plaintiff asserts Defendants failed to pay Plaintiff at least minimum wage for hours worked in violation of the minimum wage provisions of the Indiana Minimum Wage Law of 1965, I.C. 22-2-2 et seq.

4. Plaintiff further asserts a claim for her unpaid wages under the Indiana Wage Claims Statute.

1

5. Plaintiff further asserts Defendants failed to furnish Plaintiff with a statement that includes the hours worked by the Plaintiff, the wages paid to Plaintiff and a listing of the deductions made in violation of the provisions of the Indiana Minimum Wage Law of 1965, I.C. 22-2-2-8.

## II. THE PARTIES

6. Plaintiff is an individual citizen of the state of Indiana, residing in St. Joseph County, Indiana.

7. At all relevant times, Plaintiff was employed by Defendants in St. Joseph County, Indiana, and engaged in interstate commerce as a requirement of Plaintiff's job.

8. At all relevant times, Plaintiff is a covered nonexempt employee under FLSA.

9. Defendant Rosalie K. Northern ("Northern") is an individual citizen of the state of Indiana, who resides and works in St. Joseph County, Indiana. Defendant Northern is an owner and Manager of Defendant Center for the Disadvantaged.

10. At all relevant times, Defendant Northern had supervisory authority over Plaintiff and was responsible in whole or in part for the violations of law giving rise to this complaint. Defendant Northern acted directly or indirectly in the interests of Boathouse in relation to Plaintiff's employment.

11. Defendant Center for the Disadvantaged, herein referred to as the "Center," is an Indiana company with offices located in St. Joseph County, Indiana.

## III. FACTS

12. Plaintiff worked for the Center for approximately twenty-three (23) years as a telemarketer.

13. As a telemarketer, Plaintiff was responsible for calling potential buyers in multiple states.

14. Plaintiff was required to work thirty-four (34) hours each week no matter how many calls or sales Plaintiff completed.

15. While working at Employer, Plaintiff's wage rate and working conditions were controlled by Defendant Northern.

16. Plaintiff was supposed to receive 18-21% commission on whatever sales Plaintiff completed during her 34-hour work weeks.

17. Defendants provided Plaintiff with paystubs that showed she earned commission but did not show the number of hours she worked each pay period or the amount Defendants deducted from her paycheck.

18. At all relevant times, federal and state minimum wage was $7.25 per hour.

19. In the year 2017, Plaintiff worked approximately 1,734 hours and was paid wages in the amount of $4,574, the equivalent of $2.64 per hour.

20. In the year 2018, Plaintiff worked approximately 1,734 hour and was paid wages in the amount of $3,304.10, the equivalent of $1.91 per hour.

21. In the year 2019, Plaintiff worked approximately 1,360 hours and was paid wages in the amount of $2,393.30, the equivalent of $1.76 per hour.

22. Plaintiff did not receive any other form of compensation from Defendants.

23. Also, other than taxes, Plaintiff never agreed to or authorized the Defendants to deduct anything from Plaintiff's wages.

24. Despite Plaintiff's minimal wages, Defendant Northern made an unauthorized deduction from Plaintiff's wages.

25. On October 9, 2019, Defendant Northern wrote Plaintiff to inform her of the following:

> "The purpose of this writing is to inform you that you do not have a check coming this week. The small amount that you have sold does not begin to cover the number of 1% cuts *for all of the occurrences that you have accrued* for going against the new policy that was put in place."

26. Plaintiff informed Defendant Northern that Plaintiff was still owed wages and that the unauthorized deductions were not warranted, but Defendant has yet to pay Plaintiff the wages due or reimburse Plaintiff for the illegal deductions Defendants took from Plaintiff's wages.

27. Defendants had been in business for over twenty-four (24) years and was aware of the wage laws under FLSA and Indiana law.

28. Despite Defendants knowledge of the federal and state laws, and receiving notice from Plaintiff of the violations, Defendants willfully and purposely refused to remedy the violations.

## COUNT I - Unpaid Minimum Wage under the FLSA

29. Plaintiff reasserts the allegations of paragraphs 1 through 27 of the Complaint.

30. Plaintiff was a non-exempt employee of Defendants who was entitled to minimum wages for all hours worked pursuant to the FLSA.

31. Defendants violated the FLSA, 29 U.S.C. §206, by failing to pay Plaintiff at least $7.25 per hour according to FLSA's minimum wage requirement.

32. Defendants' violation of the FLSA were intentional and willful.

33. Pursuant to 29 U.S.C. §216, Plaintiff is entitled to recover economic damages equal to the difference between the amount of money actually paid to her by Defendants and the minimum wage, plus a like amount as liquidated damages and the costs of this action including a reasonable amount for attorneys' fees.

## COUNT II: Indiana Wage and Hour Law

34. Plaintiff reasserts the allegations of paragraphs 1 through 32 of the Complaint.

4

35. Defendants violated the Indiana Wage and Hour Law, I.C. 22-2-8-1, by withholding or deducting money from Plaintiff's paychecks without a signed authorization.

36. Defendants violated the Indiana Wage and Hour Law, I.C. 22-2-5, by failing to pay the Plaintiff at least minimum wage.

37. Defendants violated the Indiana Wage and Hour Law, I.C. 22-2-2-8, by failing to provide Plaintiff with statements that include the hours worked by the Plaintiff, the wages paid to Plaintiff and a listing of the deductions.

38. Plaintiff is entitled to economic damages equal to the amount of money withheld from her paychecks and money not paid to her for hours worked plus liquidated damages in an amount equal to two times the amount of money withheld from her paychecks without authorization and unpaid wages plus a reasonable attorney's fee.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, respectfully requests this Court enter judgment against Defendants, jointly and severally, and grant the following relief:

1. Reimbursement of Plaintiff's unpaid wages and other economic damages, for the entire allowable period of her employment with the Defendants in an amount to be determined at trial, plus interest at the statutory rate;

2. Liquated damages for all unpaid wages under the FLSA;

3. Liquated damages in the amount of double the amount of the total unpaid or unlawfully withheld wages pursuant to I.C. 22-2-5-2;

4. All other economic damages shown to be causally related to Defendants' conduct.

5. Prejudgment interest.

6. Costs and attorney fees and other costs related to this action; and

5

7. All other relief available to him at law or in equity.

Respectfully submitted,

/s/ Myra R. Reid
Myra R. Reid | 35583-71
ANDERSON, AGOSTINO & KELLER, P.C.
131 S. Taylor Street
South Bend, IN 46601
Telephone: (574) 288-1510
Facsimile: (574) 288-1650
E-mail: reid@aaklaw.com

*Attorney for Plaintiff*

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Civil Procedure, Plaintiff hereby requests a trial by jury.

/s/ Myra R. Reid
Myra R. Reid | 35583-71