UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KELLY K. JAQUISH,

        Plaintiff,

        v.                          CASE NO. 3:22-CV-1058-MGG

CENTER FOR THE DISADVANTAGED
and ROSALIE K. NORTHERN,

        Defendants.

**OPINION AND ORDER**

The parties jointly moved for approval of the proposed settlement of Kelly

Jaquish's ("Ms. Jaquish") Fair Labor Standards Act ("FLSA") claim against the Center

for the Disadvantaged and Rosalie Northern ("the Center") for failure to pay the

minimum wage required by 29 U.S.C. § 206. [DE 14]. The parties' submission included a

copy of the Settlement Agreement. [DE 14-1]. The Court took the motion under

advisement and ordered supplemental filings on the settlement breakdown to properly

evaluate the Agreement. [DE 15]. The parties timely filed documentation of the

settlement breakdown. [DE 16].

This Court may enter a ruling based on parties' consent pursuant to 28 U.S.C.

§ 636(c)(1). [DE 12]. For the reasons given below, the parties' Joint Motion for Settlement

Approval is GRANTED.

## ANALYSIS

Courts review FLSA settlements for "fairness . . . consider[ing] whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 995 (N.D. Ind. 2010) (quotation omitted). "[A] settlement is approved where it is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief." *Id.* (quotation omitted). Factors relevant to the review of FLSA settlement agreements include:

> "(1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceeding and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendant to withstand a larger judgment; (6) the range of reasonableness of the settlement in light of the best possible recovery; and (7) the range of reasonableness of the settlement in light of all the risks of litigation."

*Beckwith v. Planet Forward, LLC*, 2019 WL 588178, at *2 (N.D. Ind. 2019).

Here, Ms. Jaquish claims that the Center failed to pay her the minimum wage during her employment there despite being a non-exempt employee. [DE 1-1 at 6–7]. After removing this case from state court, the Center filed an answer denying Ms. Jaquish's claims. [DE 8 at 5–8]. At a preliminary pretrial conference, the parties informed the Court that they had reached a settlement. [DE 13]. Now before the Court is the parties' Joint Motion for Settlement Approval [DE 14] supplemented by their

Notice to Court Regarding Breakdown of FLSA Settlement [DE 16]. The parties report their agreement that Defendants pay Ms. Jaquish Ten Thousand Dollars ($10,000.00) with two-thirds of that amount ($6,666.67) to resolve her federal and state claims and the remaining third ($3,333.33) covering her attorney's fees and court costs. Ms. Jaquish's counsel reports having agreed to waive the firm attorney's fees and reimbursement of expenses such that the full settlement amount ($10,000) will be paid to Ms. Jaquish. [*Id.* at 1].

With the supplemental information about the parties' breakdown of the proposed settlement amount, the Court finds that the Settlement Agreement is fair and reasonable; does not reflect a mere waiver of rights brought about by employer overreach; and results from good faith arm's-length negotiations. *See Burkholder*, 750 F. Supp. 2d at 995. Litigating this case to a conclusion on the merits would almost certainly entail considerable time and expense, especially given the early stage of this action and the fact that the parties have not engaged in discovery. *See Beckwith*, 2019 WL 588178, at at *2. The value of an immediate recovery here outweighs the possibility of additional relief that might be obtained by litigating this case to conclusion on the merits, as this case raises serious questions of law and fact. *See Burkholder*, 750 F. Supp. 2d at 995.

## CONCLUSION

Thus, for the reasons stated above, the parties' Joint Motion for Settlement Approval is **GRANTED** [DE 14] and the parties' proposed FLSA Settlement Agreement [DE 14-1] is **APPROVED**.

**SO ORDERED** this 4th day of May 2023.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge